IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FMRS HEALTH SYSTEMS, INC.,
a corporation,

                Plaintiff,

v.                                    CIVIL ACTION NO. 5:04-0408

CLASSIC BEHAVIORAL HEALTHCARE, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion for summary judgment of the defendant Classic Behavioral Healthcare, LLC ("CBH") [Docket 51]. For the reasons stated herein, the court **DENIES** the defendant's motion for summary judgment.

**I.    BACKGROUND**

This case arises out of an alleged breach of a Consulting Agreement entered into by the parties.

The parties allege the following facts. FMRS Health Systems, Inc., provides mental health services in multiple counties in Southern West Virginia. In November 2001, Mike Mays, the executive director of FMRS, contacted Larry Meikel, the managing member of CBH, to discuss the possibility of engaging CBH to assist FMRS in the development of a partial hospital program. On January 29, 2002, the parties entered into a Consulting Agreement.

1

On March 6, 2002, FMRS applied to become a Medicare provider and began providing services to patients. On June 28, 2002, FMRS learned that a West Virginia Department of Health and Human Resources ("DHHR") site visit was required prior to final approval of its Medicare provider application. FMRS arranged for a DHHR site visit, and the DHHR conducted a site visit on August 7, 2002. On August 20, 2002, DHHR officials notified FMRS that FMRS was certified retroactively to August 7, 2005. The DHHR further advised FMRS that it would not be reimbursed for services provided prior to August 7, 2002, because FMRS did not have a provider number prior to this date.

Mr. Mays testified that he informed Mr. Meikel during their initial telephone conference that FMRS did not have a provider number. Mr. Mays also testified that Mr. Meikel informed him that he would help FMRS obtain a provider number and that FMRS could be reimbursed for services performed after it submitted its initial application.

On January 14, 2003, Mr. Mays sent Mr. Meikel a letter advising him of his intent to terminate the Agreement and expressly reserving FMRS's right to seek renumeration for all financial losses FMRS experienced due to its inability to secure retroactive Medicare approval. Mr. Mays also conveyed that "[i]t is FMRS's position that CBH has been paid all sums that it may have earned under the contract." Mr. Mays conceded in the letter that, pursuant to the terms of the Agreement, the Agreement would terminate on March 15, 2003.

FMRS filed a lawsuit against CBH in the Circuit Court of Raleigh County, West Virginia, on March 30, 2004. FMRS contends that, pursuant to the Agreement, CBH obligated itself to ensure that FMRS was certified and eligible for Medicare reimbursement. CBH further contends that FMRS is liable for damages that resulted from CBH's ineligibility to receive Medicare

reimbursement from March 6, 2002, to August 7, 2002.

CBH subsequently removed this action, filed a counterclaim, and asserted it is entitled to $45,000 plus interest for the alleged failure of plaintiff FMRS Health Systems, Inc, to provide payment for services rendered pursuant to the Agreement. CBH filed the pending summary judgment motion contending that no factual dispute exists as to whether CBH is owed for services performed pursuant to the Agreement and that it is entitled to judgment as a matter of law.

## II.     SUMMARY JUDGMENT STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

The defendant, CBH, contends that the Agreement is unambiguous and does not require CBH to assist FMRS in obtaining the billing numbers or licenses necessary to receive Medicare funds. Therefore, according to CBH, there is no genuine issue of material fact as to whether CBH breached the Agreement and, as a matter of law, CBH is entitled to compensation for the services it provided to FMRS. The determinative issue is whether a genuine issue of material fact exists as to whether CBH materially breached the Agreement, which would allow FMRS to rescind the Agreement.

Because this is an issue of contract interpretation and deals with services and not the sale of goods, the court applies West Virginia substantive law. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 512 (4th Cir. 1999). The "longstanding contract law of rescission" in West Virginia provides that when a breach of contract is "so substantial as to tend to defeat the very object of the contract," the injured party may rescind the contract. *Teller v. McCoy*, 253 S.E.2d 114, 125-26 (W. Va. 1979) (citing *J. W. Ellison, Son & Co. v. Flat Top Grocery Co.*, 71 S.E. 391 (W. Va. 1911).

In this case, the Agreement provides that CBH shall provide FMRS consulting services that includes "[o]ther program support as requested . . . ." (Agreement § 2.1(j)). Mr. Mays testified that, pursuant to this section of the Agreement, Mr. Mays agreed to assist FMRS in obtaining the licensing necessary to receive payment from Medicare. (Michael Mays Dep. 42, May 24, 2005.) He also testified that Mr. Meikel advised him that FMRS would be eligible to receive payment from Medicare on the date that the initial application was submitted (not the date the DHHR performed a site visit). (*Id.* 55.) Mr. Mays claims he relied upon these statements and incurred significant

losses because Medicare refused to reimburse him for services rendered prior to the DHHR's site visit.

The court **FINDS** that Mr. Mays' testimony creates a genuine issue of material fact as to whether CBH materially breached the Agreement in a manner that substantially defeated the underlying purpose of the Agreement. Accordingly, the court **DENIES** CBH's motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                ENTER:      December 21, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE